UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NITISH S. BANGALORE,

                Plaintiff,

                                            Case No. 20-cv-893-pp

    v.

FROEDTERT HEALTH, INC.,
THE BOARD OF DIRECTORS OF FROEDTERT HEALTH, INC.
and FROEDTERT HEALTH, INC. BENEFIT PLAN COMMITTEE,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 65), DENYING AS MOOT DEFENDANTS' AMENDED MOTION TO DISMISS (DKT. NO. 45) AND DENYING AS MOOT DEFENDANTS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING (DKT. NO. 62)**

---

## I.     Procedural Background

On June 12, 2020, the plaintiff filed a class action alleging that the defendants had violated the duties of loyalty and prudence required of ERISA-governed defined plan fiduciaries by, among other things, failing to monitor fees and ensure that they were reasonable, failing to monitor investments to ensure that they were prudent, failing to monitor the committee in charge of the plan and engaging in prohibited transactions. Dkt. No. 1. The plaintiff filed an amended complaint on September 10, 2020, omitting the allegations of engaging in prohibited transactions. Dkt. No. 19.

On October 26, 2020, in lieu of an answer, the defendants filed a motion to dismiss the plaintiff's amended complaint under Federal Rules of Civil

1

Procedure 12(b)(1) and 12(b)(6). Dkt. No. 22. The motion relied heavily on the

Seventh Circuit's decision in Divane v. Northwestern University, 953 F.3d 980

(2020).[1] See Dkt. No. 23 (defendants' brief in support of motion, citing Divane

on eleven out of thirty pages). On November 16, 2020, the plaintiff filed a brief

in opposition, largely focusing on what he characterized as the defendants'

misreading of Divane. Dkt. No. 25 (plaintiff's opposition brief, citing Divane on

six out of thirty-one pages and arguing that the defendants had misread

Divane). The plaintiff's opposition brief also relied heavily on the Supreme

Court's 2015 decision in Tibble v. Edison Int'l, 575 U.S. 523 (2015). See Dkt.

No. 25 at 4-5.

On February 4, 2021, the court held a hearing on the defendants' motion

to dismiss. Dkt. No. 31. After hearing argument on both subject-matter

jurisdiction and the merits of the defendants' arguments, the court took the

motion under advisement. The hearing involved significant argument about the

applicability of Divane.

Just shy of five months later, on July 2, 2021, the Supreme Court

granted *certiorari* to review the Seventh Circuit's decision in Divane. Hughes v.

Northwestern University, 141 S. Ct. 2882 (Mem) (July 2, 2021). On January

24, 2022, the Supreme Court vacated the Seventh Circuit's decision in Divane

---

[1] The defendants cited two other Seventh Circuit decisions—Loomis v. Exelon
Corp., 658 F.3d 667 (7th Cir. 2011) and Hecker v. Deere & Co., 556 F.3d 575
(7th Cir. 2009)—and argued that these cases and Divane demonstrated that
the Seventh Circuit had "time-and-again rejected attempts by individual
participants to second-guess plan fiduciaries' administrative decisions and to
impose their personal preferences on other participants." Dkt. No. 23 at 8.

and remanded the case for further proceedings. Hughes v. Northwestern University 595 U.S. 170 (2022). The Court cited its 2015 decision in Tibble, asserting that the "categorical rule" applied by the Seventh Circuit "is inconsistent with the content-specific inquiry that ERISA requires and fails to take into account respondents' duty to monitor all plan investments and remove any imprudent ones." Id. at 173 (citing Tibble, 575 U.S. at 530).

On January 26, 2022, this court denied the defendants' motion to dismiss without prejudice, because the motion relied on the Seventh Circuit's recently vacated decision in Divane (and other Seventh Circuit cases that had applied similar categorical rules). Dkt. No. 41 at 3. The court ordered the defendants to "file a notice with the court indicating whether they either (a) need additional time to evaluate the Hughes decision and its impact on their position in this litigation, (b) plan to answer or otherwise respond to the amended complaint or (c) propose some other option." Id.

On February 11, 2022, the defendants advised the court that they intended to file an updated motion to dismiss, which would supersede the previous motion to dismiss that the court had denied without prejudice. Dkt. No. 42 at ¶8. The defendants proposed a briefing schedule for their anticipated amended motion, id. at ¶11, which the court adopted, dkt. no. 43. Per the briefing schedule, the defendants filed an amended motion to dismiss on March 11, 2022. Dkt. No. 45. The plaintiff responded on April 8, 2022, dkt. no. 47, and defendant replied on April 29, 2022, dkt. no. 49.

3

Approximately four months later, on August 30, 2022, the plaintiff filed a motion for leave to file a second amended complaint and attached a proposed second amended complaint. Dkt. Nos. 53, 53-1. The plaintiff explained that "[w]hile the Seventh Circuit has yet to decide *Divane* on remand, on August 29, 2022, the Seventh Circuit decided *Albert v. Oshkosh Corp.*, [47 F.4th 570 (7th Cir. 2022)]." Dkt. No. 53 at 2. The plaintiff asserted that <u>Albert</u> "offered guidance to litigants as to the types of factual averments that create 'the kind of context that could move this claim from possibility to plausibility' in light of *Hughes* and existing Seventh Circuit precedent." <u>Id.</u> (citing <u>Albert</u>, 47 F.4th at 580). On September 6, 2022, the defendants filed an opposition brief, arguing that allowing the plaintiff to file the proposed second amended complaint would be futile because the proposed pleading failed to present any plausible claims under <u>Albert</u>. Dkt. No. 54 at 1-4. The defendants also argued that allowing the plaintiff to amend the complaint two years into the case would be prejudicial to the defendants because they would be required to file a third motion to dismiss. <u>Id.</u> at 4.

On March 23, 2023—approximately fourteen months after the <u>Hughes</u> Court had vacated and remanded <u>Divane</u> to the Seventh Circuit—the Seventh Circuit issued its decision in <u>Hughes v. Northwestern University</u>,[2] 63 F.4th 615 (7th Cir. 2023) ("<u>Hughes II</u>"). On March 31, 2023, the defendants filed a Civil

---

[2] Explaining the change to the caption, the Seventh Circuit stated: "Laura *Divane* did not participate in this petition and is no longer pursuing this appeal. So, April *Hughes* became the lead plaintiff and appellant, resulting in the changed caption." <u>Hughes</u>, 63 F.4th at 623 n.1 (emphasis added).

4

Local Rule 7(h) expedited non-dispositive motion for leave to submit supplemental briefing "regarding *Hughes* [*II*] for the Court's benefit." Dkt. No. 62 at 2. The defendants explained that their supplemental brief would show "that *Hughes* [*II*] reaffirmed the Seventh Circuit's decision in *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022) and why [*Albert*] continues to require the dismissal of Plaintiff's Amended Complaint and the denial of Plaintiff's Motion for Leave to File a Second Amended Complaint[.]" Id.

On April 3, 2023, the plaintiff filed his opposition to the defendants' expedited motion for supplemental briefing, calling the defendants' request "premature" and asking the court to grant his pending motion for leave to file a second amended complaint. Dkt. No. 63 at 1-2. The plaintiff stated that after the court grants him leave to file his proposed second amended complaint, "[he] will then demonstrate that *Hughes II* narrowed the holding of the Seventh Circuit's decision in *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022) substantially and set up a new pleading standard for all such ERISA fiduciary breach cases in the Seventh Circuit going forward." Id. at 2.

But on April 12, 2023, despite having asked the court nine days earlier to grant his pending motion for leave to file a second amended complaint, the plaintiff filed a *new* motion for leave to file a second amended complaint, dkt. no. 65, a *new* proposed second amended complaint, dkt. no. 65-1, and notice that he was withdrawing his previous motion for leave to file a second amended complaint and the related proposed second amended complaint, dkt. no. 64. In his new motion for leave to file a second amended complaint, the plaintiff

5

asserted that "[*Hughes II*] largely superseded *Albert* and clarified the pleading standard in ERISA excessive fee cases like this one." Dkt. No. 65 at ¶6 (citing Hughes II, 63 F.4th 615). He asserted that, "[i]n light of the recent decision in *Hughes II*, [he] . . . prepared a [new] Second Amended Complaint which he believes satisfies the 7th Circuit's standard in *Hughes II*." Id. at ¶13. On May 3, 2023, the defendants filed an opposition to the plaintiff's new motion for leave to file a second amended complaint. Dkt. No. 66. The plaintiff replied two days later, on May 5, 2023. Dkt. No. 67.

The court has reviewed the briefing on the defendants' amended motion to dismiss, the defendants' expedited non-dispositive motion for leave to file supplemental briefing and the plaintiff's motion for leave to file a second amended complaint. The court will grant the plaintiff's motion for leave to file a second amended complaint and deny as moot the defendants' amended motion to dismiss and expedited non-dispositive motion for leave to file supplemental briefing.

## II. The Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 65)

### A. The Parties' Arguments

The plaintiff recounts in his pending motion for leave to amend that originally he had moved for leave to amend in August of 2022, "in light of the decision by the Seventh Circuit in *Albert*." Dkt. No. 65 at ¶5. But he argues that the Seventh Circuit's decision in Hughes II "largely superseded *Albert* and clarified the pleading standard in ERISA excessive fee cases like this one," and

6

says that he "determined to submit a new second amended complaint to meet the clarified pleading standard under *Hughes II* for his pending ERISA claims." Id. at ¶¶6-7.

The plaintiff observes that under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." Dkt. No. 65 at ¶8 (citing Fed. R. Civ. P. 15(a)(2)). He quotes the Supreme Court's decision in Foman v. Davis for the principle that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. at ¶9 (quoting Foman, 371 U.S. 178, 181-82 (1962) (citing Conley v. Gibson, 335 U.S. 41, 48 (1957)). He further quotes Foman for the observation that it would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." Id. at ¶10 (quoting Foman, 371 U.S. at 181-82). The plaintiff asserts that, with those principles in mind, "justice requires that this Court grant Plaintiff leave to file his Second Amended Complaint in order to supplement his factual allegations given the evolving state of the law as found in *Hughes II*." Dkt. No. 65 at ¶11. The plaintiff concludes by pointing out that he has filed with the court a notice that he is withdrawing his earlier motion for leave to amend (Dkt. No. 64) "because Plaintiff has determined to amend his complaint to meet the pleading standard for his claims under *Hughes II*," dkt. no. 65 at ¶15.

The defendants oppose the plaintiff's motion to amend. They assert that, "contrary to Plaintiff's contentions, *Hughes II* did not announce the new pleading standard, but expressly reaffirmed *Albert*." Dkt. No. 66 at 5. The defendants argue that *Hughes II* confirms the merit of their pending motion to dismiss, that the plaintiff's proposed second amended complaint does not "cure the deficiencies identified" in their pending motion to dismiss and that granting the plaintiff leave to amend would prove futile. Id. The defendants also argue that the plaintiff's motion violates this court's Civil Local Rule 15(b) because "it fails to explain what 'factual allegations' he wishes to supplement." Id.

The defendants' opposition brief goes through the plaintiff's proposed second amended complaint count by count, reiterating for each count their related arguments from their motion to dismiss and asserting that the deficiencies in the plaintiff's previous amended complaint persist in the proposed second amended complaint. Dkt. No. 66 at 7-16. For Count One of the plaintiff's proposed second amended complaint ("Breach of Duty of Prudence under ERISA" – "Recordkeeping and Administrative Fees"), the defendants argue that the "plaintiff's proposed amendments to [his] recordkeeping fees allegations are futile" because the "allegations regarding defendants' process [for monitoring recordkeeping fees] are the same as before." Id. at 7-8. The defendants contend that the plaintiff's proposed amendments to Count One's recordkeeping-fees allegations are futile because the "plaintiff's repackaged 'excessive' fee allegations are still conclusory and still cannot support an inference of imprudence." Id. at 9-13. Turning to Count Two

8

("Breach of Duty of Prudence under ERISA" – "Investment Management Fees"), the defendants assert that the "plaintiff's proposed amendments to the supposedly 'high-cost' actively-managed investment allegations are futile" because such allegations fail to state a claim under either Hughes II or Albert. Id. at 13-15. As for Count Three ("Failure to Adequately Monitor Other Fiduciaries under ERISA" – "Recordkeeping and Administrative Fees") and Count Four ("Failure to Adequately Monitor Other Fiduciaries under ERISA" – "Investment Management Fees"), the defendants argue that because the plaintiff failed to allege imprudence in his proposed second amended complaint, his duty-to-monitor claims also fail, but they argue that even if the plaintiff had alleged imprudence, dismissal still would be appropriate because the duty-to-monitor allegations are conclusory and devoid of factual allegations. Id. at 15-16.

The defendants argue that the court should deny the plaintiff's motion for leave to amend given that this case has been pending for almost three (now nearly four) years, and maintain that allowing the plaintiff to replead at this late stage would allow the plaintiff "to benefit from hindsight" and would prejudice the defendants. Dkt. No. 66 at 16. The defendants conclude that "*Hughes II* did not change the landscape, . . . the proposed amendments fail to salvage this case, [and] there is no reason to subject Defendants to further delay and expense, nor to allow Plaintiff to game the litigation process." Id.

In his reply brief, the plaintiff contends that the defendants "responded to [his] motion by primarily arguing the merits of [his] underlying claims in the

[proposed second amended complaint] under the guise of 'futility' rather than discussing the applicable law under Rule 15(a)(2) for permitting such amendments." Dkt. No. 67 at 1. He also argues that he "complied with Civil L. R. 15(b) by filing the amended pleading . . . , as well as stating specifically that he sought amendment 'to meet the clarified pleading standard under *Hughes [II]* . . . for his pending ERISA claims.'" Id. (quoting Dkt. No. 65 at ¶7).

The plaintiff reiterates that he "seeks leave to amend for purposes of meeting the clarified pleading standard under *Hughes II*, 63 F.4th 615, for his pending ERISA breach of fiduciary duty of prudence claims." Dkt. No. 67 at 2. The plaintiff stresses that he "is not seeking to raise any new legal claims" and explains that he "is only adding relevant factual material and allegations to better meet the pleading standard in *Hughes II*." Id. The plaintiff explains that he "added allegations based on documents provided by the Froedtert Health, Inc. 403(b) Plan" in order

> to underscore the commoditized nature of Plan recordkeeping services provided to mega plans, which is an important factor post-*Hughes II*, [dkt. no. 65-1], ¶¶49-52, 58-63; to clarify the role that competitive bidding plays in receiving reasonable recordkeeping services, *id.*, ¶82; to update "meaningful benchmarks" so as to better infer fiduciary imprudence by Defendants in administering the Plan as to both recordkeeping and investment claims, [*i*]*d.*, ¶¶91-97, 127; and to provide additional information for investment comparators in the form of Morningstar asset categories[,] [*i*]*d.*, ¶126.

Dkt. No. 67 at 2-3.

The plaintiff argues that the defendants oppose his proposed additional allegations by "advanc[ing] the same arguments of futility and delay that their defense counsel recently put forth unsuccessfully in a similar case," Nohara v.

10

Prevea Clinic Inc. Dkt. No. 67 at 3 (citing Nohara, No. 20-C-1079, 2022 WL 1504925 (E.D. Wis. May 12, 2022)). The plaintiff observes that the defendants in Nohara, like the defendants here, opposed the plaintiff's motion to amend the complaint, "asserting that the proposed amendment would be futile and that Plaintiff's undue delay in seeking amendment is prejudicial." Id. (quoting Nohara, 2022 WL 1504925, at *2). He points out that in Nohara, District Judge William C. Griesbach stated that "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend." Id. (emphasis in original) (citing Nohara, 2022 WL 1504925, at *2 (quoting Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015))). The plaintiff argues that here, as in Nohara, the court "cannot be certain that any amendment would be futile, especially since the application of *Hughes II* to ERISA breach of fiduciary duty claims is just starting to be examined . . . , and there is a crucial outstanding question with regard to the impact of *Hughes II* on . . . *Albert.*" Id. He contends that "the Court should grant [his] motion to amend, as [Judge Griesbach] did in *Nohara.*" Id. at 4 (citing Nohara, 2022 WL 1504925, at *2).

The plaintiff also addresses the defendants' contention that granting the motion to amend will result in prejudicial, undue delay. He acknowledges that granting his motion will force the defendants to file another motion to dismiss, but argues that the defendants do not "sufficiently explain[] why th[e] [resulting] delay is prejudicial to [them]." Dkt. No. 65 at 4. He acknowledges

11

that the defendants argue that allowing him to amend "would . . . allow [him] to benefit from hindsight, dropping [aspects of his amended complaint] that no longer support his case." Id. (citing Dkt. No. 65 at 16). But he argues that "the whole idea behind amendment is to allow Plaintiff[s] to update their allegations, to drop claims as [he] did with this [proposed second amended complaint], . . . and to meet evolving legal standards established by the Seventh Circuit in the ERISA context." Id. (citing Dkt. No. 65 at 1 n.1). He asserts that this is what he has done with his proposed second amended complaint and that the "[d]efendants will have ample time to oppose those allegations during motion-to-dismiss briefing on the [second amended complaint]." Id. He asserts that the defendants "fall considerably short in showing that this amendment would be prejudicial to them." Id. The plaintiff concludes his reply by asking "that the Court grant his motion for leave to file the [second amended complaint], and have the parties brief the impact of *Hughes* on these updated allegations and previous case law." Id.

 B. <u>Analysis</u>

 Under Federal Rule of Civil Procedure 15(a)(1), before trial a party may amend a pleading one time as a matter of course and without leave of court under two circumstances: (A) "21 days after serving [the pleading]"; or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, the party may amend "only with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2). The plaintiff seeks leave of court under Rule 15(a)(2). Dkt. No. 65 at ¶8.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Federal Rules of Civil Procedure grant district courts 'broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" Fin. Fiduciaries, LLC v. Gannett Co., Inc., 46 F.4th 654, 667 (7th Cir. 2022) (quoting Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008)). The defendants argue that the plaintiff should be denied leave to amend because his proposed amendments would be futile. Dkt. No. 66 at 7-16.

"District Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 685 (7th Cir. 2014) (quoting Gandhi v. Sitara Cap. Mgmt., LLC, 721 F.3d 865, 869 (7th Cir. 2013)). But "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." Runnion, 786 F.3d at 519-20 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)).

Before determining whether the plaintiff's proposed amendments are futile, the court addresses the threshold issue of whether in moving for leave to amend, the plaintiff complied with this court's local rules. Civil L.R. 15(b)

requires that "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend." The defendants contend that the plaintiff's motion for leave to file the proposed second amended complaint violates Civil L.R. 15(b) because the plaintiff "fails to explain what 'factual allegations' he wishes to supplement." Dkt. No. 66 at 5. In his reply brief, the plaintiff argues that he did "compl[y] with Civil L.R. 15(b) by filing the amended pleading . . . , as well as stating specifically that he sought amendment 'to meet the clarified pleading standard under *Hughes* [*II*].'" Dkt. No. 67 at 1 (quoting Dkt. No. 65 at ¶7).

Civil L.R. 15(b) imposes two requirements on those who seek to amend their pleadings: movants must attach to their motion to amend the proposed amended pleading and must explain how the proposed amended pleading differs from the previous pleading. The plaintiff satisfied the first requirement by attaching his proposed amended pleading to his motion to amend. Dkt. No. 65-1. As to the second requirement, however, stating that he has decided to "meet the clarified pleading standard under *Hughes II* for his pending ERISA claims" tells the court very little about the *specific* changes he seeks to make in the amended pleading, or where those changes appear in the proposed second amended complaint.

Perhaps seeking to cure this oversight, the plaintiff's reply brief identifies several places in the proposed second amended complaint where he "add[ed] relevant factual material and allegations to better meet the pleading standard

in *Hughes II*." Dkt. No. 67 at 2-3. He explains that he added allegations to paragraphs forty-nine through fifty-two and fifty-eight through sixty-three of the proposed second amended complaint "to underscore the commoditized nature of [the Froedtert Health, Inc. 403(b) Plan] recordkeeping services provided to mega plans" and to better meet the pleading standard for ERISA breach of fiduciary duty of prudence claims post-*Hughes II*. Id. at 2-3 (citing Dkt. No. 65-1 at ¶¶49-52, 58-63). He explains that he added allegations to paragraphs ninety-one through ninety-seven and paragraph 127 of the proposed amended complaint "to update 'meaningful benchmarks' so as to better infer fiduciary imprudence by Defendants in administering the Plan as to both recordkeeping and investment claims." Id. at 3 (citing Dkt. No. 65-1 at 91-97, 127). The plaintiff details several other changes he made in the second amended complaint to meet <u>Hughes II</u>'s clarified pleading standard for ERISA breach of fiduciary duty claims. Id.

Though the plaintiff initially failed to identify the changes sought by his proposed amendments with the specificity required under Civil L.R. 15(b), he remedied this failure by identifying the specific changes in his reply brief. Whether to enforce the local rules strictly, "or to overlook any transgression," is within this court's discretion. <u>Stevo v. Frasor</u>, 662 F.3d 880, 887 (7th Cir. 2011). <u>See also</u> General L.R. 1 (E.D. Wis.), "Scope and Purpose of Rules," ("Compliance with these rules is expected. However, the rules are intended to be enforced primarily on upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious

15

cases.") The court will not deny the plaintiff's motion to amend based on his failure to strictly adhere to Civil L.R. 15(a) and will address the defendants' futility argument.

In arguing that allowing the plaintiff to file the proposed second amended complaint would be futile, the defendants assert that "contrary to Plaintiff's contention, *Hughes II* did not announce the new pleading standard but rather expressly reaffirmed *Albert*." Dkt. No. 66 at 5. And the defendants argue that when "looking beyond the pleading standard and turning to the specific claims at issue here," "*Hughes II* confirms that dismissal is appropriate." Id. The court may deny the plaintiff leave file his proposed second amended complaint on futility grounds only if it is certain from the face of the proposed pleading that it would not survive a motion to dismiss. Runnion, 786 F.3d at 519-20; McCoy, 760 F.3d at 685.

The defendants' contention that Hughes II did not announce a new pleading standard is difficult to reconcile with the fact that in the Seventh Circuit's own words, Hughes II described a "newly formulated pleading standard." Hughes II, 63 F.4th at 631; see also Tolomeo v. R.R. Donnelley & Sons, Inc., Case No. 20-cv-7158, 2023 WL 3455301, at *3 (N.D. Ill. May 15, 2023) ("Defendants posit that *Hughes* [*II*] . . . did not announce a 'new pleading standard.' . . . The Court disagrees because *Hughes II* itself described its 'newly formulated pleading standard.'"). In outlining the new Seventh Circuit pleading standard for ERISA breach of fiduciary duty claims, Hughes II instructed district courts that "[t]o plead a breach of the duty of prudence under ERISA, a

16

plaintiff must plausibly allege fiduciary decisions outside a range of reasonableness." Hughes II, 63 F.4th at 630 (citing Hughes, 595 U.S. at 177). The court advised district courts that determining whether a specific decision falls within the "range of reasonableness . . . will depend on the circumstances prevailing at the time the fiduciary acts," and that "[t]he discretion accorded to an ERISA fiduciary will necessarily be context specific." Id. (citations, quotations and alterations omitted). Not only did Hughes II set a new pleading standard for ERISA breach of fiduciary duty claims, but it stressed that the new pleading standard requires a context-specific inquiry that district courts must apply on a case-by-case basis.

After disputing whether Hughes II announced a new pleading standard, the defendants spend all but the final paragraph of their sixteen-page opposition brief arguing that the plaintiff's proposed amendments are futile under Hughes II (and Albert). Perhaps the plaintiff's proposed second amended complaint will not survive a motion to dismiss under the Seventh Circuit's new pleading standard for ERISA breach of fiduciary duty claims. But because the defendants raised their futility argument thirteen days after the Seventh Circuit clarified the pleading standard in Hughes II, the defendants could not draw on district court caselaw interpreting and applying Hughes II to support their interpretation and application of the then-brand-new standard. The defendants' futility arguments are premature.

Between the date of this writing and the date of the plaintiff's reply brief, the plaintiff and the defendants have filed with the court nearly a dozen notices

17

of supplemental authority, totaling sixteen separate district court decisions which purportedly relate to the impact of the evolving pleading standard for ERISA breach of fiduciary duty claims on one, or both, of the motions pending before this court. Dkt. Nos. 68, 68-1, 69, 69-1, 70, 70-1, 72, 72-1, 73, 73-1, 74, 74-1, 75, 75-1, 75-2, 75-3, 75-4, 75-5, 75-6, 76, 76-1, 76-2, 76-3, 76-4. But because the briefing deadlines for the pending motions had passed at the time the parties filed these notices of supplemental authority, the parties were limited to filing a copy of the proffered supplementary authority, without argument as to why the authority supports granting or denying the related motion or motions. Civil L.R. 7(k) ("If pertinent and significant authorities relevant to an issue raised in a pending motion come to a party's attention after a party's final brief on the motion has been filed, the party may file a Notice of Supplemental Authority, attaching the new authority, without leave of the court. The Notice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant."). In filing these notices, the parties point to what they contend is instructive caselaw for the pending motions, but they leave it to the court to analyze how (or whether) these opinions relate to the arguments raised in the pending motions. The court lacks the benefit of up-to-date briefing on the implications of <u>Hughes II</u> on the pending motions and the plaintiff's proposed second amended complaint. In the absence of such briefing, the court cannot conclude with any degree of certainty that the plaintiff's proposed amendments

would be futile. The court will not deny the plaintiff's motion for leave to amend on futility grounds.

The defendants conclude their opposition brief by arguing that allowing the plaintiff to replead would moot "yet another motion to dismiss," thus "resulting in further delay and prejudice." Dkt. No. 66 at 16 (citing Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993)). They explain that allowing the plaintiff to replead would "allow [him] to benefit from hindsight," which, they argue, is prejudicial and not a proper basis to replead. Id. In response, the plaintiff admits that granting him leave to amend will cause "delay in having the [defendants'] motion to dismiss decided," but he argues that the defendants "have not sufficiently explained why this delay is prejudicial to [them]." Dkt. No. 67 at 4. Nor does he dispute the defendants' contention that granting his motion "would . . . allow [him] to benefit from hindsight," but he argues that "the whole idea behind amendment is to allow [parties] to update their allegations, to drop claims as [he] did with this [proposed amended pleading] . . . , and to meet evolving legal standards." Id. He asserts that "[t]hat is all [he] has done here and Defendants will have ample time to oppose those allegations during motion-to-dismiss briefing on the [proposed second amended complaint]." Id.

Allowing the plaintiff to amend his allegations nearly four years into the case would moot the defendants' fully briefed amended motion to dismiss. See Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008). The court acknowledges that this will cause further delay and possibly some prejudice to the defendants

if they decide to amend their motion to dismiss for a second time. But that prejudice does not warrant denial of the plaintiff's motion to amend. The plaintiff correctly points out what the defendants seem reluctant to acknowledge—that since the plaintiff filed the initial complaint in June 2020, the standard for pleading ERISA breach of fiduciary duty claims has shifted. Hughes, 595 U.S. at 175-77; Hughes II, 64 F.4th at 629-31; see also Tolomeo, 2023 WL 3455301, at *3; Mazza v. Pactiv Evergreen Servs. Inc., Case No. 22 C 5052, 2023 WL 3558156, at *3 (N.D. Ill. May 18, 2023); Nohara v. Prevea Clinic Inc., Case No. 20-CV-1079, 2023 WL 9327202, at *2 (E.D. July 21, 2023) report and recommendation adopted 2024 WL 233373 (E.D. Wis. Jan. 22, 2024). Given that shift, the plaintiff's request for leave to amend the complaint is reasonable. The delay is regrettable, but it is due in great part to the time it has taken for the issue to become settled in the Seventh Circuit.

Because the plaintiff has explained the changes he is making in the proposed amended pleading, because the court cannot conclude that amendment would be futile and because the plaintiff seeks leave to amend due to a change in the law and not a lack of diligence, the court will grant the plaintiff's motion for leave to file his proposed second amended complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to file second amended complaint. Dkt. No. 65.

The court **ORDERS** the Clerk of Court to separately docket the proposed second amended complaint at Dkt. No. 65-1 as the operative complaint.

The court **DENIES AS MOOT** the defendants' amended motion to dismiss plaintiff's amended class action complaint. Dkt. No. 45.

The court **DENIES AS MOOT** the defendants' Local Rule 7(h) expedited non-dispositive motion for leave to submit supplemental briefing. Dkt. No. 62.

The court **ORDERS** that by the end of the day on **April 12, 2024**, the defendants must file a proposed briefing schedule for their second amended motion to dismiss the plaintiff's second amended complaint.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**